IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| FRANKLIN HARRIS, as Next Friend and Father of Franklin Harris, Jr., a minor, | * * * | |
| Plaintiff, | * * | |
| vs. | * * | No. 3:05V00096 SWW |
| RAY RIGSBY, ET AL., | * * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges that defendants violated various rights granted him by the United States Constitution and the Arkansas Constitution. Plaintiff also claims a violation of the Arkansas Civil Rights Act.

Now before the Court is defendants' motion for summary judgment to which plaintiff responded. After careful consideration, and for the reasons stated below, the Court finds the motion should be granted in part and denied in part.

**Background**

On August 13, 2004, Ollie Collins, a police officer, and defendant Mike Russell, a detective with the Osceola Police Department, went to a residence owned by plaintiff Franklin Harris. They questioned Franklin Harris, Jr. in the presence of his father, the plaintiff. Defs.' Statement Uncontested Material Facts, ¶¶1-2. According to Frank, Jr., the officers wanted to know if he had seen a suspect they were looking for and, if so, whether the suspect had tried to sell or give him a pair of basketball shoes. Ex. A, Aff. ¶ 3. Once they completed their questioning, the officers left. Statement of Facts, ¶ 2. Plaintiff also left. Ex. C, Aff. ¶ 7. Later,

Russell went back to the residence and told Frank, Jr. that he needed to go with Russell to the police department. *Id.* at ¶ 3. After allegedly attempting to contact his father, and telling Russell he did not want to go to the police station, Frank, Jr. drove to the police department. Compl. ¶8-9. He says he parked in front and was walking up to the entrance when Russell pulled up to the curb and screamed at Frank, Jr., to get in Russell's car. Defendant Russell told Frank, Jr. he had to go through the back door. Frank, Jr. says he was scared and continued to walk toward the front door. According to Frank, Jr., Russell then came running at him, grabbed him, and threw him into some bushes. He says Russell choked him and dragged him. Ex. A ¶¶10-13.

On May 11, 2005, plaintiff filed a complaint on behalf of his minor son, Frank, Jr. In Count I, plaintiff alleges defendants' actions violated the Arkansas Rules of Criminal Procedure, denied him his right to exercise free speech under the First Amendment, and denied him substantive and procedural due process. In Count II, he alleges a violation of the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-106(a). He sues Russell in his individual and official capacities and Chief of Police Rigsby in his official capacity.

Trial of this matter is set for the week of July 24, 2006. Defendants seek summary judgment on the basis that plaintiff fails to state any facts and has no evidence to support his claims, that res judicata/collateral estoppel precludes plaintiff from claiming Frank, Jr. did nothing to warrant any force being used against him, and that Russell is entitled to qualified immunity.

**Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

"[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587 (citations omitted).  Further, summary judgment is particularly appropriate where an unresolved issue is primarily legal, rather than factual. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

"Summary judgment is warranted if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Bockelman v. MCI Worldcom, Inc.,* 403 F.3d 528, 531 (8th Cir.2005).

**Discussion**

**A. First Amendment Violation**

Plaintiff alleges defendants' actions constitute a "denial of his exercise of free speech, guaranteed to Plaintiff under the First Amendment to the United States Constitution, as well as the Arkansas Constitution." Compl. ¶ 15. The Court finds nothing in the complaint, plaintiff's response, brief, or affidavits to support a claim for a violation of free speech. Therefore, defendants' motion for summary judgment on plaintiff's First Amendment claim is granted.

**B. Due Process Violation**

Plaintiff asserts defendants' actions amounted to an assault and battery . He claims they deprived him "of a liberty interest, such that Plaintiff has been denied substantive and procedural due process." Compl. at ¶ 16, 18. Defendants move for summary judgment on the basis that plaintiff alleges no facts to support a procedural or substantive due process claim under the Fourteenth Amendment. In his response, plaintiff argues Russell violated Frank, Jr.'s Fourth Amendment rights by physically assaulting him and then illegally arresting him.

Although plaintiff does not reference the Fourth Amendment in his complaint, the essence of his claim is that defendants conducted an unreasonable seizure. Claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop or other seizure of a free citizen should be analyzed under the Fourth Amendment standard of objective reasonableness rather than substantive due process. *Graham v. Connor,* 490 U.S. 386, 394-95 (1989). Consequently, the Court will treat plaintiff's constitutional claim as arising under the Fourth Amendment.

**C. Qualified Immunity**

Plaintiff sues Russell in his individual and official capacities.  Defendants assert Russell is entitled to qualified immunity.

"Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." *Henderson v. Munn,* 439 F.3d 497, 501 (8th Cir. 2006)(citation omitted).  "To determine whether an official is entitled to qualified immunity, we ask two questions: (1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted." *Vaughn v. Greene County, Arkansas,* 438 F.3d 845, 850 (8th Cir. 2006).  To survive a summary judgment motion based on qualified immunity, a plaintiff must assert a violation of a constitutional right, show that this right is clearly established, and raise an issue of material fact as to whether the defendant would have known that the conduct in question violated the clearly established right.  *Habiger v. City of Fargo,* 80 F.3d 289, 295 (8th Cir.1996).

There is no question that plaintiff asserted a violation of a constitutional right and that the right to be free from excessive force was clearly established.  Further, based upon the record, the Court finds a genuine issue of material fact exists as to whether Russell knew that the conduct in question violated the clearly established right.  Therefore, defendants' motion for summary judgment on plaintiff's individual capacity claims against Russell based upon qualified immunity is denied.

**D.  Claims Based Upon Official Capacity**

Defendants Russell and Rigsby also seek dismissal of plaintiff's claims against them in their official capacities. A lawsuit against a governmental actor in his official capacity is synonymous with a suit against the entity itself. Therefore, the official capacity claims against Russell are actually claims against the City. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent).

To succeed in his claims against the City, plaintiff must prove (1) a constitutional injury, *City of Los Angeles v. Heller,* 475 U.S. 796 (1986), (2) that an "official policy or widespread custom or practice" caused the injury, *Board of County Commr's v. Brown,* 520 U.S. 397 (1997), and (3) that through "deliberate conduct" the City was the "moving force behind the injury," *id.* at 404. The second requirement guards against holding a government body vicariously liable for the acts of all its employees, while the third requirement insures the necessary degree of culpability and causal link between official action and the deprivation of a constitutional right.

Plaintiff makes no allegation in his complaint that Russell was acting pursuant to a policy or custom of the City of Osceola. Plaintiff argues there is sufficient evidence "to show that the City of Osceola essentially has established a custom of allowing conduct by its officers which violate the rights of private citizens." Pl's. Br. in Supp. of Resp. to Mot. Summ. J. at 6. Plaintiff asserts that a search of PACER in the Eastern District of Arkansas reveals nine cases against the City for alleged violations by its police officers of the constitutional rights of private citizens. *Id.* Plaintiff also argues "that there is a lack of training and a lack of supervisory control and discipline for conduct such as that taken by Officer Russell." *Id.* at 7.

The Court finds plaintiff has failed to produce any evidence which would indicate the existence of facts to show an official policy or widespread custom or practice caused the injury or that through deliberate conduct the City was the moving force behind the injury.  While plaintiff argues failure to train and lack of supervision resulted in deprivation his constitutional rights, he offers no evidence in support of those theories.

Therefore, defendants' motion for summary judgment on plaintiff's official capacity claims is granted.

**E.   Collateral Estoppel/Res Judicata**

Defendants argue that plaintiff is precluded from presenting evidence that Russell used excessive force because Frank, Jr. pled guilty to disorderly conduct on or about February 8, 2005. The Court disagrees.

The exhibit attached to defendants' motion is a copy of a "Delinquency Adjudication Order," which states "the Court finds beyond a reasonable doubt that the juvenile did commit the following act(s) alleged in the petition: Disorderly Conduct."[1]   Defendants cite *Duncan v. Clements,* 744 F.2d 48, 51 (8th Cir. 1984), in which the court held that the doctrine of collateral estoppel may be applied in a § 1983 case to preclude relitigation of a federal constitutional issue. They also cite *Zinger v. Terrell,* 985 S.W.2d 737 (Ark. 1999), in which the Arkansas Supreme Court held that a criminal conviction acts as a bar and collaterally estops the retrial of issues in a later civil trial that were actually litigated in the criminal trial.  In *Zinger*, the court said:

> [T]oday in the vast majority of jurisdictions a judgment of criminal conviction may preclude a defendant from retrying the same issue of his or her culpability in a

---

[1] *See* docket entry 18.

subsequent civil complaint. Hence, a criminal conviction now acts as a bar and collaterally estops the retrial of issues in a later civil trial that were actually litigated in the criminal trial. . . . We have no doubt that one of the principal reasons for this change in the majority view is that the potential for an erroneous judgment in a criminal proceeding has been dramatically reduced by the full panoply of rights afforded to criminal defendants in the past forty years.

785 S.W.2d at 740.

> We are convinced that the time has come to overrule our caselaw and join the prevailing view that a prior criminal conviction for murder acts as a bar to relitigating the same issue for the same defendant in civil court. The doctrine of collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit, provided that the party against whom the earlier decision is being asserted has a full and fair opportunity to litigate the issue in question and that issue is essential to the judgment.

*Id.* at 741-2.

The Court finds the doctrine of collateral estoppel is not applicable to this case. Here, Frank, Jr. was adjudicated in juvenile court of disorderly conduct, and there is no evidence that the issue of excessive use of force was actually litigated.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [docket entry 15] is hereby granted in part and denied in part. The motion is granted as to plaintiff's official capacity claims and First Amendment claim. The motion is denied as to the remaining claims.

DATED this 5th day of July 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT COURT